**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNUM INSURANCE COMPANY OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO.   18-6621** |
| **TAMYRA BELMON-WILLIAMS, GWENDOLYN WILLIAMS, LINCOLN FACTORING, L.L.C., AND WESTLAWN CEMETERIES, L.L.C.** | **SECTION: "R" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Motion to Determine Amount of Reasonable Attorney's Fees and Costs (R. Doc. 30).** The motion is not opposed. The motion was heard on the briefs.   The matter was referred. R.doc. 31.

I.      **Factual Summary**

This matter was filed by Unum Life Insurance Company of America ("Unum") after it received a claim for life insurance benefits by Tamyra Belmon-Williams ("Tamyra"), the wife of the decedent Bryan Williams and Gwendolyn Williams ("Gwendolyn"), the decedent's mother was the beneficiary of the policy.  The Plaintiff also contends that in addition to his wife, claims for the proceeds were also made by Lincoln Factoring, LLC and Westlawn Cemeteries, LLC.   The full amount of the death benefits is $25,000.00.   Unum, thereafter sought to deposit the death benefits in the registry of the court, an order requiring the defendants in intervention to appear and assert contradictorily against each other their claims for plan benefits.   Unum also sought an order discharging it from any liability in connection with the life insurance policy and reimbursement of litigation fees and costs.

Tamyra and Gwendolyn both executed an IRREVOCABLE ASSIGNMENT & REASSIGNMENT & LIMITED DURABLE POWER OF ATTORNEY wherein $9,775.00 of the insurance proceeds to be received from Interpleader-Plaintiff, Unum Life Insurance Company of America, was to be paid to Defendant, Lincoln Factoring, LLC, for Bryan Williams funeral. Rec. doc. 28.   On March 1, 2019, the Court ordered the release of the $9,775.00 to Lincoln Factoring, LLC. R. doc. 29.

Thereafter, Unum filed this Motion to Determine the Reasonable Amount of Attorney's Fees which was referred to the undersigned.   R.doc. 30, 31.   The matter was set for submission on May 22, 2019 without oral argument. R. doc. 32.    In connection with request for reasonable attorneys' fees, Unum seeks the award of $2,3410.00 and costs in the amount of $585.00.   Unum seeks the payment of the requested fees from the registry of the Court.   R. doc. 30-1.

## II.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]   The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.   *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections.   *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III.    Analysis

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.   *See Johnson*, 488 F.2d at 717-19.

### A.  Reasonableness of the Hourly Rates

Plaintiff seeks to recover the attorney's fees for work performed by plaintiff's counsel, Lauren A. Welch ("Welch") on the filing of this case. The rate billed to the client was $220.00 an hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When the customary billing rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. In this case, there is no indication that rate sought is actually the customary billing rate.

Lauren Welch has been practicing law for twenty years. The Court, in considering the rate charged in

3

this market for the years of experience, finds that the rate of $220.00 is reasonable. *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $200.00 an hour to an attorney with eleven (11) years of experience). The rate is unopposed and therefore reasonable.

### B. Determining the Reasonable Hours Expended

Welch seeks compensation for ten and one-half hours (10.5) hours of work on the matter. She submitted an affidavit an appended an itemization of fees and expenses. The Court having received and reviewed the billing entries recommends that they are reasonable and awards 10.50 hours.

### C.        Costs and Expenses

Unum also seeks the award of reasonable expenses totaling $585.00. The fees consist of the cost of filing the complaint in Interpleader ($400) and for serving the pleadings ($185). While Unum seeks the reimbursement of costs, it provides no evidence that the costs were incurred. However, the Court is aware that the filing fee was incurred and the costs of doing same. As a result, the Court recommends that an award of reasonable expenses totaling $400.00 is reasonable.

### D.        Johnson Factors

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). After considering the *Johnson factors*, the Court finds no adjustment of lodestar is warranted.

### IV.        Recommendation

Accordingly,

**IT IS RECOMMENDED** that **Plaintiff's Motion to Determine Amount of Reasonable Attorney's Fees and Cost** be **GRANTED** and that the Plaintiff is awarded reasonable attorney's fees in the amount of

**$2,710.00**

      **IT IS FURTHER RECOMMENDED** that the Clerk of Court is directed to pay Unum Life Insurance Company of America the amount of **$2,710.00** from the Registry of the Court.

      A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

              New Orleans, Louisiana, this 8th day of July 2019.

              **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**